UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ELLO M. WOODWARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 2:16-cv-304-WTL-MJD |
| | ) | |
| CHARLES A. DANIEL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for a Writ of Habeas Corpus**

Petitioner Ello Woodward was convicted by a jury in the United States District Court for the Middle District of Florida of various drug offenses. His conviction was affirmed on appeal and his motion for relief pursuant to 28 U.S.C. § 2255 was denied. He now seeks relief pursuant to 28 U.S.C. § 2241 arguing that, in this course of his trial and appeal, his rights were violated in a number of ways.[1] The United States argues that Woodward's petition must be dismissed

---

[1] Woodward's claims for relief include the following: He was denied the right to counsel when his appointed lawyer did not file a motion to suppress; he was denied the right to counsel on appeal; the Controlled Substance Act does not have the force of law; he was denied due process and equal protection when the trial court failed to provide an order pursuant to the "Silver Platter Doctrine"; he was denied the right to counsel when his right to proceed pro se on appeal was interfered with; he was denied due process and equal protection of the law when his motion to suppress was denied; he was denied due process and equal protection of the law when the court substituted an affidavit for an affidavit without oath or affirmation; he was denied due process and equal protection when the trial court did not dismiss the indictment; he was denied due process and equal protection when the prosecutor refused to provide the defense with grand jury transcripts and refused to call witnesses who testified before the grand jury; he was denied due process and equal protection when the court denied the motion to suppress evidence obtained through an illegal search and seizure; he was denied due process and equal protection when the trial court admitted a tape recorded statement into evidence that was obtained after he chose to exercise his *Miranda* rights; he was denied due process and equal protection when the trial court denied his motion for judgment of acquittal; he was denied due process and equal protection when the trial court erroneously admitted the cocaine into evidence; the trial judge, Assistant

pursuant to the "gatekeeping" provision of 28 U.S.C. § 2244(a) and that Woodward has failed to demonstrate that his is actually innocent of the crime for which he was convicted.

## I. Factual and Procedural Background[2]

Woodward's claims for relief under § 2241 are based largely on the events that occurred during a hearing near the start of trial. He contends that his defense counsel, the prosecutor, and the judge who presided over his trial all conspired to violate his rights.

A. *Woodward's Trial and Appeal*

At the pre-trial hearing, Woodward complained that his appointed counsel refused to file motion that Woodward wrote challenging, among other things, the validity of affidavits prepared by Tampa Police Department officers in connection with his arrest. Crim. Dkt. 115; 197, p. 2-3, 5. As to one of the affidavits, he alleged that it was unsigned and fraudulent. Woodward believed that the challenges raised in the motion warranted the suppression of evidence and dismissal of the charges against him (the "motion" or "Motion to Suppress or in the Alternative Motion to Dismiss"). Dkt. 1-14, p. 8. With Woodward in the courtroom, the judge conducted a sidebar conference with appointed counsel and the prosecutor to determine whether Woodward and his counsel had irreconcilable differences. Appointed counsel advised the judge that he did not believe there were irreconcilable differences, that he had discussed the motion with Woodward, and they disagreed as to the merit of the arguments raised in the motion. Crim. Dkt. 197, p. 48.

---

United States Attorney, and his court-appointed attorney conspired to violate his right to an impartial tribunal; and his rights to due process and equal protection were violated when the trial court erroneously admitted firearms into evidence.

[2] The background information is taken in part from the Eleventh Circuit Court of Appeals' opinion affirming Woodward's conviction, *United States v. Woodward*, 419 Fed. App'x. 969 (11th Cir. 2011). In addition: Dkt. refers to the docket in this § 2241 case; Crim. Dkt. refers to the docket in Woodward's criminal case in the Middle District of Florida (8:09-cr-00547-EAK-MAP); and Civ. Dkt. refers to the docket in Woodward's § 2255 proceedings in the Middle District of Florida (8:12-cv-00440-EAK-MAP).

Following this conference, appointed counsel stated his position as to why he believed that the arguments made in the motion were factually and legally insufficient, and why he could not, in good faith, bring the arguments before the court. Crim. Dkt. 197, p. 50-55. Woodward took the opportunity to advise the court of why he believed the arguments in the motion were meritorious. Crim. Dkt. 197, p. 59-63.

A second sidebar was held and appointed counsel was given the opportunity to withdraw or proceed to trial with the motions sealed and made part of the record for purposes of an appeal, but not ruled upon by the court. Crim. Dkt. 197, p. 63-66. Appointed counsel decided to continue to represent Woodward. Crim. Dkt. 197, p. 65.

When Woodward learned that this motion would not be ruled upon, and that he would be allowed to raise the allegations in his motion only in the context of an ineffective assistance of counsel claim on appeal or in a § 2255 motion, he waived his Sixth Amendment right to counsel and stated he wanted to represent himself *pro se*. Crim. Dkt. 197, p. 67-72. Appointed counsel then took the position of standby counsel. Crim. Dkt. 197, p. 72.

During trial, Woodward cross-examined a detective with the Tampa Police Department regarding his perceived inconsistencies between the affidavits. The detective explained why some copies had no signature and the line inconsistencies. Crim. Dkt. 200, p. 164, 166, 245-48, 256-60; 202, p. 111-14. The trial court ordered certified copies be obtained; nevertheless, Woodward persisted with his objection. Crim. Dkt. 200, p. 230-34, 242-45, 258. Thereafter, the trial court denied Woodward's Motion to Suppress and in the Alternative a Motion to Dismiss the Indictment based on the alleged inconsistencies in the affidavits. Crim. Dkt. 134, p. 3-4; 200, p. 7, 20-21, 26-28; 202, p. 19, 28-30. Specifically, the trial court found that "if there was any error related to the affidavits, that error merely provides the basis for impeachment of

government witnesses" and that "any discrepancies arise from the fact that the original affidavits were filed in state court, with case numbers added, and copies were scanned into the Tampa Police Department file without marking or numbering." Crim. Dkt. 134, p. 3-4.

The jury convicted Woodward and he was sentenced to an aggregated sentence of 156 months' imprisonment. Crim. Dkt. 166. With new counsel, Woodward appealed his conviction arguing only that the waiver of his right to counsel was not made knowingly and voluntarily, and that substitute counsel should have been appointed. *United States v. Woodward*, 419 Fed. App'x. 969, 970 (11th Cir. 2011). The Eleventh Circuit rejected Woodward's arguments and affirmed his conviction. *Id.* at 971.

B. *Woodward' s § 2255 Motion*

In February 2012, Woodward filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255. In his motion, Woodward claimed, among other things, that the trial court erred by denying his Motion to Suppress or in the Alternative his Motion to Dismiss, particularly as it relates to the law enforcement affidavits supporting his arrest, and that appellate counsel was ineffective for not raising this claim on appeal. Civ. Dkt. 1.

The district judge, the same judge who presided over Woodward's trial, denied the post-conviction motion. The district judge recognized that Woodward had raised the arguments in the trial court and lost; and found that Woodward's challenge to the affidavits had no merit and that Woodward "had a full and fair opportunity to cast doubt on the affidavit by cross-examining the witness." For these reasons, the court found that Woodward could show no prejudice. Civ. Dkt. 30. To the extent Woodward "attempt[ed] to insinuate that if counsel had filed his motions, Woodward would not have been forced to represent himself in order to obtain a ruling on his motions," the district court found Woodward's characterization of his decision to proceed *pro se*

to be without merit. *Id.* The district court concluded that the record showed, and the appellate court found, that Woodward's decision to proceed *pro se* was knowing, intelligent, and voluntary. *Id.* Woodward attempted to appeal the denial of his § 2255 motion, but the appeal was untimely. Civ. Dkt. 46.

      C. *Woodward's Judicial Complaints*

Woodward also filed a complaint with the Eleventh Circuit against the trial judge. He alleged that the judge, federal prosecutor, and appointed counsel "conspired against [him] because he's a poor African American and not able to hire an attorney to protect his Rights to Due Process and Equel [sic] Protection of the Law" and that he "was forced to represent himself without being give [sic] warnings pursuant to" *Faretta v. California*, 422 U.S. 806 (1975). He also alleged that the trial judge had "improper" side-bar discussions with the federal prosecutor and appointed counsel and that the discussions resulted in the trial judge ruling with an "illicit or improper motive." He also persisted with his claim that the affidavits supporting his arrest were fraudulent.

The Eleventh Circuit dismissed Woodward's complaint, reasoning that Woodward had failed to provide "any credible facts or evidence in support of his allegations that the [trial] judge participated in a conspiracy, had improper discussions with the attorneys, acted with an improper or illicit motive, or otherwise committed misconduct" and that his allegations were "directly related to the merits of a decision or procedural ruling."

Woodward then filed a second complaint with the Eleventh Circuit. This time he complained about the three circuit judges who issued the *per curiam* opinion affirming his conviction on direct appeal. *See United States v. Woodward*, 419 Fed. App'x. 969 (11th Cir. 2011). He alleged that they acted "in collusion with" the trial judge to deny him "his right to Due

Process and Equel [sic] Protection of the Law by helping a colleague that violated [his] rights pursuant to the Sixth Amendment" and *Faretta*. Dkt. He accused the circuit judges of being "bias and prejudicial, with the hallmark of extending professional courtesy to a colleague . . . with the intention [] to thwart [his] direct appeal." He also took issue with the circuit panel's opinion believing it to be wrongly decided.

The Eleventh Circuit dismissed this second complaint finding that Woodward's allegations concerned the substance of the panel's opinion, were directly related to the merits of the decision or procedural rulings; and that, Woodward provided "no credible facts or evidence in support of his allegation that the [circuit judges] acted in collusion with the [trial] judge to violate [his] rights, or that the [circuit judges] were biased."

D. *Woodward's § 2241 Petition*

Woodward has now petitioned this Court for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Dkt. 1. On August 12, 2016, this Court ordered Woodward to show that the claims raised in the instant § 2241 petition can proceed under the savings clause of 28 U.S.C. § 2255(e), thus allowing him to use § 2241 to attack his conviction. Dkt. 8.

In Woodward's response to this Court's order, he renews his claim that the trial judge, federal prosecutor, and appointed counsel "conspired to deny [him]" his "Rights to Due Process and Equal Protection of the law" in one of the side-bars held in the pre-trial hearing. Dkt. 9, p. 4-6. He also contends that they conspired against him because "he's a poor African American and not able to hire an attorney to protect his rights." Dkt. 9, p. 7. He specifically points to the second sidebar discussion as evidence of the conspiracy. He concludes that because the trial judge presided over the pre-trial hearing, the trial, and his § 2255 motion, those proceedings, as well as his direct appeal, are all "infected with fraud and bias." Dkt. 9, p. 11. He also renews his

challenge to the law enforcement affidavits supporting his arrest and raises a number of other challenges, noted above, to his conviction.

## II. Standard under § 2241

A § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *Davis v. United States*, 417 U.S. 333, 343 (1974). A prisoner is generally limited to bringing only one motion under § 2255. *Id.* A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

However, a prisoner may be able to challenge his federal conviction or sentence under 28 U.S.C. § 2241. The "savings clause" in 28 U.S.C. § 2255(e) authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *Poe v. LaRiva*, 834 F.3d 770, 772 (7th Cir. 2016); 28 U.S.C. § 2255(e). "Whether section 2255 is inadequate or ineffective depends on whether it allows the petitioner 'a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.'" *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (quoting *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998). The Seventh Circuit has distilled this analysis into a three-part test:

> A petitioner who seeks to invoke the savings clause of § 2255(e) in order to proceed under § 2241 must establish: (1) that he relies on "not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion," (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is "grave enough . . . to be

> deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding," such as one resulting in "a conviction for a crime of which he was innocent."

*Montana v. Cross*, No. 14-3313, 2016 WL 3910054, at *6 (7th Cir. July 19, 2016) (citing *Davenport*, 147 F.3d at 611). It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective. *Collins v. Bezy*, No. 1:06−cv−00006−SEB−VSS, 2006 WL 418653 at *1 (S.D. Ind. Feb. 17, 2006) (citing, *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) and *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999)).

### III. Discussion

The United States argues that Woodward's § 2241 petition must be dismissed because § 2255 was adequate to test the legality of Woodward's conviction. Woodward bases his argument that § 2255 is inadequate to present his numerous challenges to his conviction on his argument that the affidavits were falsified, his contention that the judge, prosecutor, and defense counsel conspired against him, and his assertion that his trial judge was biased and should not have been the judge to decide his § 2255 motion.

The Seventh Circuit has held that to be eligible for relief under § 2241, a petitioner must rely on a statutory interpretation case that has been made retroactive on collateral review. *Davenport*, 147 F.3d at 611. None of Woodward's arguments for relief satisfy these factors.

First, Woodward argues that because the affidavits were falsified, the court did not have jurisdiction over his criminal case and lack of jurisdiction cannot be waived. But this argument is not based on a new case of statutory interpretation. Further, Woodward thoroughly challenged the affidavits at his criminal trial and in his § 2255 motion. The fact that his challenge was unsuccessful does not render § 2255 inadequate or ineffective. *Webster*, 784 F.3d at 1136 ("something more than lack of success with a section 2255 motion must exist before the savings clause is satisfied); *see also Troche v. Meese*, 968 F.2d 1219 (7th Cir. 1992) (citing *Cain v.*

*Markley*, 347 F.2d 408, 410 (7th Cir. 1965); *Stirone v. Markley*, 345 F.2d 473, 474 (7th Cir. 1965)). Moreover, if Woodward did have new evidence concerning the affidavits, he could seek permission to file a second or successive § 2255 motion. "The fact that the motion would be barred as a successive petition under § 2255 . . . is not enough to bring the petition under § 2255's savings clause; otherwise, the careful structure Congress has created to avoid repetitive filings would mean little or nothing." *Garza v. Lappin*, 253 F.3d 918, 922 (7th Cir. 2001). Woodward has presented no reason that he could not pursue his challenges to the affidavits through § 2255.

Woodward also suggests that the alleged conspiracy against him rendered § 2255 ineffective. Again, this argument is not based on a statutory interpretation case. In addition, Woodward states that he raised his claim that the trial judge, defense attorney, and prosecutor were conspiring against him in his reply in support of his § 2255 motion. He therefore cannot claim that he could not pursue this claim pursuant to § 2255. In addition, to the extent that he argues that he did not have sufficient evidence to pursue this claim at the time he filed his § 2255 motion, § 2255(h) allows a petitioner who had abundant, credible, and newly discovered evidence "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction or sentence." *Webster*, 784 F.3d at 1136. Moreover, Woodward has not presented any evidence, much less "new evidence," that there was a conspiracy. His conspiracy claims are based on the actions by the judge and lawyers at his criminal trial – facts he was aware of at that time. Without any new evidence, he cannot invoke the "savings clause" to pursue his claims under § 2241.

Woodward also contends that the § 2255 remedy is inadequate because his § 2255 motion was ruled upon by the same judge who presided over his criminal trial. He suggests that this

judge therefore could not have been impartial in considering his § 2255 motion. But the fact that the trial judge also decides the § 2255 alone does not make § 2255 ineffective. *Cf. Tezak v. United States,* 256 F.3d 702, 718 (7th Cir. 2001). In addition, a judge's adverse rulings in a particular case do not demonstrate bias on the part of the judge. *Liteky v. United States,* 510 U.S. 540, 555 (1994).

In short, none of the reasons Woodward cites to support his request for relief under § 2241 satisfy the savings clause. Instead, Woodward's arguments are reiterations of challenges that he has already made. The same is true of every specification of error he asserts in his § 2241 motion. He therefore cannot obtain relief under § 2241.

## IV. Conclusion

For the foregoing reasons, Woodward cannot invoke the "savings clause" of 28 U.S.C. § 2255(e). He therefore cannot challenge his conviction under 28 U.S.C. § 2241 and this action must be dismissed.

**IT IS SO ORDERED.**

_William T. Lawrence_

Date: 11/30/17

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ELLO MITCHELL WOODWARD
51401-018
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Electronically registered counsel